# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| OHIO & VICINITY CARPENTERS' FRINGE BENEFIT FUNDS, INC., | ) ) ) | CASE NO. 5:16-cv-2985 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | MEMORANDUM OPINION |
| ETA DEVELOPMENT, | ) ) ) | |
| DEFENDANT. | ) | |

Presently before the Court is a status report by plaintiff Ohio & Vicinity Carpenters' Fringe Benefit Funds, Inc. ("plaintiff"), with attached affidavit and audit results, submitted in support of damages, attorney fees, and costs sought by plaintiff in its motion for default judgment. (Doc. No. 18.) For the reasons that follow, judgment is granted in favor of plaintiff and against defendant in the amount of $450.98 in damages, $1,492.50 in attorney fees, and $550.00 in costs.

**A. Background**

The Court previously granted plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55 against defendant ETA Development ("defendant") as to liability only for unpaid fringe benefit contributions, attorney fees, and costs. (Doc. No. 21.) The Court ordered defendant to submit to an audit and for plaintiff, thereafter, to supplement its motion for default judgment with evidentiary support for its claim for damages, attorney fees, and cots. (*Id*.) Defendant failed to submit to an audit and the Court scheduled a show cause hearing for September 14, 2017. (Doc. No. 14.) Neither defendant nor a

representative appeared at the hearing, and plaintiff's counsel indicated that plaintiff would file a motion seeking further action by the Court. (*See* Minutes of Proceedings September 14, 2017.) After the hearing, plaintiff filed a status report stating that defendant had provided the records necessary for an audit, and that an audit was being performed. (Doc. No. 17; Order [non-document] November 17, 2017.) Thereafter, plaintiff submitted evidentiary support for its damages claim for unpaid fringe benefits, and for attorney fees and costs. (Doc. No. 18.)

**B. Analysis**

The well-pleaded allegations in a complaint are taken as true as to liability when a defendant is in default, but not as to damages. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)). Rule 55(b)(2) permits, but does not require, the district court to conduct an evidentiary hearing to determine damages. *Arthur v. Robert James & Assoc. Asset Mgmt., Inc.*, No. 3:11-cv-460, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012) (citing *Vesligaj v. Peterson*, 331 F. App'x. 351, 354-55 (6th Cir. 2009)). The Court may rely on affidavits submitted by plaintiff in support of damages without the need for a hearing. *Id.* at *2 (citation omitted).

    1.    **Unpaid fringe benefit damages**

Plaintiff did not submit an affidavit in support of damages sought for unpaid fringe benefits, but submitted the results of an audit of defendant's records showing damages due in the total amount of $450.98. (Doc. No. 18-2.) While an affidavit submitted by plaintiff Fund's administrator attesting to the damages due would be preferred, the Court will accept the audit results attached to the status report filed by

plaintiff's counsel, Attorney Matthew Henzi, as an officer of the Court. *See Roberts v. Mahoning Cnty.*, 495 F. Supp. 2d 713, 717 n.5 (N.D. Ohio 2006) (reports filed by counsel "enjoy a certain level of reliability by virtue of their having been filed by attorneys who are officers of the court and sworn to a level of ethical and professional accountability[]"); *Henderson v. Collins*, No. 1:94-CV-106, 2015 WL 13021898, at *2 (S.D. Ohio Feb. 9, 2015) (an attorney is an officer of the court and is bound by the ethical obligations imposed by the rules of professional conduct and this court).

Thus, damages are awarded to plaintiff in the amount of $450.98.

### 2. Attorney fees and costs

Plaintiff is entitled to reasonable attorney's fees and costs pursuant to the collective bargaining agreement applicable to the Fund and 29 U.S.C. § 1132(g)(2)(D). Attorney fees are calculated using the "lodestar" method, which is determined by multiplying the number of hours reasonably expended on this litigation by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). The lodestar calculation can be adjusted by consideration of a number of factors.[1] *Hensley*, 461 U.S. at 430, n.3.

---

[1] These factors include: (1) time and labor; (2) difficulty of the case; (3) skill necessary; (4) the extent the attorney is precluded from working on other matters; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations; (8) the amount involved and the results obtained; (9) the attorney's experience, reputation and ability; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases.

Plaintiff has submitted the affidavit of Attorney Matthew Henzi ("Henzi") in support of attorney fees in the amount of $1,492.50 and costs in the amount of $550.00,[2] for a total amount of $2,042.50. (Doc. No. 18-1. ["Henzi Aff."] ¶¶ 4, 6, 7.) Henzi avers that his firm bills plaintiff at an hourly rate of $200.00 for senior partners, $180.00 for partners, and $150.00 for associates, and that those rates are "comparable, reasonable and consistent" with rates for firms that represent funds such as plaintiff. (*Id*. ¶¶ 4, 5.)

The prevailing hourly market rate can be demonstrated in a number of ways, including, affidavit, fee award studies, citations to prior precedent regarding reasonable rate adjudications, and the court's own expertise in recognizing reasonable applicable prevailing rates. *See Disabled Patriots of Am. v. Genesis Dreamplex, LLC*, 3:05 CV 7153, 2006 WL 2404140, at *2 (N.D. Ohio 2006). Plaintiff has not submitted affidavits from other attorneys regarding prevailing market rates in the community for attorneys specializing in ERISA matters. Based on the Court's experience in similar cases, however, the hourly billing rates charged by plaintiff's counsel in this case ($150.00-$200.00) are reasonable for purposes of the lodestar analysis. *See e.g. Local Union No. 33 Trustees of Sheet Metal Workers' Akron Dist. Pension Fund v. Map Heating & Cooling, LLC*, No. 5:08CV2954, 2010 WL 1995654, at *6 (N.D. Ohio May 19, 2010) (hourly rates between $155.00 and $160.00 are reasonable); *Gen. Truck Drivers & Helpers Local Union No. 92 ex rel. Exec. Bd. v. Smith Truck Serv., Inc.*, No. 5:11CV1683, 2012 WL 1658352, at *4 (N.D. Ohio May 11, 2012) (hourly rates of $200.00 and $225.00 are reasonable).

---

[2] This sum is comprised of: (1) $400.00 fee to file the complaint, and (2) $150.00 for service of the summons and complaint. The Court finds that these costs were reasonably expended in this matter.

Plaintiff has not submitted billing statements to document the number of hours expended by counsel on this litigation. Plaintiff seeks attorney fees in the amount of $1,492.50. Based on the lowest hourly rate charged to plaintiff ($150.00), counsel expended approximately 10 hours on this litigation. At the highest hourly rate, counsel expended approximately 7.50 hours. Although plaintiff should have included billing records to support its attorney fee request, based upon the information provided, the Court finds that the number of hours expended in this matter for which default judgment was obtained appear to be reasonable for cases of this nature. *See e.g. Trustees of Michigan Laborers' Pension Fund v. Improvement Techs. Co.*, No. 09-CV-11839, 2009 WL 5150349, at *2 (E.D. Mich. Dec. 18, 2009) (5.0 hours at a rate of $190.00 per hour is reasonable); *Boards of Trustees of Ohio Laborers' Fringe Benefits Programs v. LA Williams Constr., LLC,*, No. 2:16-CV-00304, 2017 WL 2858277, at *4 (S.D. Ohio July 5, 2017) (hours aggregated for the billing rates of $255.00 per hour for 12.25 hours, and $280.00 per hour for 5.75 hours, for different types of work is reasonable) (citations omitted). Accordingly, plaintiff is awarded attorney fees in the amount of $1,492.50, and costs in the amount of $550.00.

## C. Conclusion

For all of the foregoing reasons, judgment is granted in favor of plaintiff and against defendant in the amount of $450.98 in damages, $1,492.50 in attorney fees, and $550.00 in costs.

**IT IS SO ORDERED**.

Dated: February 28, 2018

                                                      **HONORABLE SARA LIOI**
                                                      **UNITED STATES DISTRICT JUDGE**